UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KINECTUS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BUMBLE TRADING LLC and BUMBLE INC.,<br><br>    Defendants. | Civil Action No. 21-mc-91665-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Currently pending before the Court is non-party Christopher M. Schmandt's ("Professor Schmandt") motion to quash document and deposition subpoenas served by Plaintiff KinectUs LLC ("Plaintiff"). [ECF No. 1]. Plaintiff has opposed the motion and filed its own cross-motion for attorneys' fees. [ECF No. 11 at 16–18]. For the reasons set forth below, Professor Schmandt's motion to quash is GRANTED in part and DENIED in part, and Plaintiff's motion for attorneys' fees is DENIED.

**I.   BACKGROUND**

**A.   Factual Background**

The motion to quash arises out of subpoenas Plaintiff served in connection with a patent litigation pending in the Western District of Texas (the "Litigation"). [ECF No. 4-5]. In the Litigation, Plaintiff asserts that Bumble Trading LLC and Bumble Inc. (collectively, "Bumble") infringed seven patents, including U.S. Patent No. 9,294,428 (the "'428 Patent"), and that its infringement of one or more of the patents was willful. [ECF No. 11-2 (copy of complaint)].

Before Plaintiff filed its suit, Bumble instituted *inter partes* review proceedings in front of the Patent Trial and Appeal Board in connection with a different set of patents owned by Match Group LLC (the "Match Group IPR Proceedings").  See [ECF No. 3 ¶ 6; ECF No. 4-8 at 4].  In the Match Group IPR Proceedings, Bumble retained Professor Schmandt as an expert and he submitted three declarations which reference the '428 Patent as a prior art reference that discloses "[l]ogging in using credentials from an existing social networking platform account." [ECF No. 4-1 ¶¶ 135, 138; ECF No. 4-2 ¶¶ 334, 337; ECF No. 4-3 ¶¶ 324, 327]; see also [ECF No. 3 ¶¶ 6–9].  Specifically, Professor Schmandt's declarations describe the '428 Patent as

> a patent assigned to the software company that developed the social collaboration application, KinectUs.  [The '428 Patent] discloses a system where registered users are matched based on their profile data and can communicate with each other. The system from [the '428 Patent] expressly contemplates that a user's profile data may be automatically retrieved by the collaboration system 26 from . . . other information sources, for example, a social networking service subscribed to by users of the smartphone.

[ECF No. 4-1 ¶ 138; ECF No. 4-2 ¶ 337; ECF No. 4-3 ¶ 327 (internal quotation marks omitted)]. The declarations also state that Professor Schmandt "assumed June 6, 2012 as the priority date" for the Match Group patents at issue in the IPR proceedings, [ECF No. 4-1 ¶ 10; ECF No. 4-2 ¶ 11; ECF No. 4-3 ¶ 11], but do not contain any analysis about the '428 Patent's priority date.

During discovery for the Litigation, Plaintiff served an interrogatory on Bumble asking it to

> identify and describe in detail any knowledge or awareness you may have had relating to KinectUs or the Patents-in-Suit prior to the filing of this Action, including but not limited to the identification of any communications, documents, or individuals involved and any analysis regarding the Patents-in-Suit.

[ECF No. 4-8 at 3].  Bumble responded, in relevant part, that

> in connection with *inter partes* review proceedings before the United States and Patent Trademark Office instituted by Bumble Trading, Inc. against Match Group LLC, an expert who provided testimony supporting Bumble's position that the

2

> Match patents were invalid, cited the '428 patent in IPR2019-00842 to illustrate the ability of software applications, like Bumble, to use pre-existing social networking profiles for its users, such as a Facebook profile. Ultimately, the technical experts who testified in the proceedings against Match Group, LLC did not rely on the '428 patent or any other of the asserted patents in this present litigation as invalidating references to the patents owned by Match Group LLC.

[Id. at 4]. It is undisputed that the "expert" described in the interrogatory response is Professor Schmandt. See [ECF No. 2 at 9–10].

On October 15, 2021, Plaintiff subpoenaed Professor Schmandt to sit for a deposition and produce documents. [ECF No. 4-5]. Professor Schmandt has not been retained by any party in the Litigation, but he has again been retained by Bumble in connection with recently instituted *inter partes* review proceedings regarding the validity of the '428 Patent. [ECF No. 2 at 8; ECF No. 3 ¶¶ 2–3, 5]. Plaintiff's subpoenas, however, do not seek information regarding his recent engagement and instead seek information related only to KinectUs LLC generally, the Match Group IPR Proceedings, and/or any analysis of the '428 Patent undertaken prior to October 2020. [ECF No. 4-5 at 9].

B.  **Procedural History**

Professor Schmandt moved to quash the subpoenas on November 4, 2021. [ECF No. 1]. On November 15, 2021, Plaintiff opposed the motion and filed its cross-motion, [ECF No. 11], and Professor Schmandt filed his reply on November 19, 2021. [ECF No. 14]. In connection with his motion, Professor Schmandt filed a declaration where he swears under penalty of perjury that: (1) he has never had any contact with Bumble personnel and has only communicated directly with Bumble's outside counsel; (2) other than what is included in the declarations he submitted, he did not perform any additional analysis of the '428 patent in connection with the Match Group IPR Proceedings; (3) he did not analyze any potential infringement of the '428 Patent or whether its claims are entitled to a particular priority date in

3

connection with the Match Group IPR Proceedings; and (4) other than a copy of the '428 Patent and the declarations he submitted, he does not have any other documents responsive to the subpoena.  [ECF No. 3 ¶¶ 10–18].

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits litigants to serve subpoenas on third parties, Fed. R. Civ. P. 45, but the "Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)."  Cates v. Zeltiq Asethetics, Inc., No. 20-mc-91234, 2020 WL 5517457, at *2 (D. Mass. Sept. 14, 2020) (quoting Green v. Cosby, 152 F. Supp. 3d 31, 34 (D. Mass. 2015), modified on reconsideration, 160 F. Supp. 3d 431 (D. Mass. 2016)).  Under Rule 26, the scope of discovery is broad, and allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . "  Fed. R. Civ. P. 26(b)(1).

Despite the broad scope of Rule 26, under Rule 45, a court "must quash or modify a subpoena that: . . . subjects a person to undue burden" on timely motion from a party or non-party.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  When analyzing "motions to quash . . . , 'courts weigh the need of the party seeking discovery against any undue hardships created by permitting it.'" Green, 152 F. Supp. 3d at 36 (quoting In re Methyl Tertiary, 269 F.R.D. 360, 363–64 (S.D.N.Y. 2010)).  Factors germane to that analysis are "relevance, the requesting party's need, the breadth of the request, and the burden imposed."  Id. (quoting Linsday v. C.R. Bard, Inc., No. 10-mc-00441, 2011 WL 240104, at *1 (M.D. Pa. Jan. 24, 2011)).  "The party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance.'"  In re New

England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. 13-mdl-02419, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) (quoting Sterling Merchandising, Inc. v. Nestle, S.A., No. 06-cv--01015, 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008)).

Additionally, Federal Rule of Civil Procedure 45 permits, but does not require, the Court to "quash or modify the subpoena if it requires . . . disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(ii). When determining whether to quash a subpoena, the Court should consider "'the degree to which the expert is being called because of his knowledge of *facts relevant to the case* rather than in order to give opinion testimony.'" In re Pub. Offering PLE Antitrust Litig., 233 F.R.D. 70, 76 (D. Mass. 2006) (quoting Kaufman v. Edelstein, 539 F.2d 811, 822 (2d Cir. 1976)).

### III.  DISCUSSION

Professor Schmandt moves to quash the subpoenas asserting that (1) they seek irrelevant information and compliance would constitute an undue burden, and (2) any testimony would be new opinion testimony from an unretained expert. [ECF No. 2 at 12–17]. Plaintiff represents that it has alleged that Bumble willfully infringed the '428 Patent and that the patent is entitled to an earlier priority date. [ECF No. 11 at 11]. Plaintiff argues that Professor Schmandt has relevant information about these allegations because his declarations demonstrate knowledge of the '428 Patent prior to the Litigation and make an assumption about the priority date of the Match Group patents. [Id.].

#### A.  Professor Schmandt's Pre-Litigation Knowledge of the '428 Patent

To establish willful infringement, the patent holder must show that the infringer had knowledge of the patent and that its acts constituted infringement. SiOnyx, LLC v. Hamamatsu

5

Photonics K.K., 330 F. Supp. 3d 574, 607–08 (D. Mass. 2018).  Professor Schmandt argues that he would be unduly burdened by complying with the subpoena because he has no relevant information about Bumble's pre-suit knowledge of the '428 Patent.  [ECF No. 2 at 13; ECF No. 14 at 5, 8].  He represents that he has never spoken to anyone at Bumble and contends that Bumble is the best source for that information.  [ECF No. 2 at 13–16; ECF No. 3 ¶ 16].  Although Professor Schmandt presents himself as a disinterested party with a tenuous connection to Bumble, it is undisputed that Professor Schmandt's declarations addressed the existence of the '428 Patent, the declarations were submitted at the behest of Bumble prior to the commencement of the Litigation, and Bumble's interrogatory response about its own pre-Litigation knowledge identified Professor Schmandt.  Thus, a deposition relating to Professor Schmandt's knowledge of the '428 Patent seeks relevant information because it "reasonably could lead to other matters that could bear on" Bumble's pre-suit knowledge of the '428 Patent.  Rockstar Consortium US LP v. Google Inc., No. 14-cv-91322, 2015 WL 5972422, at *4 (D. Mass. Oct. 14, 2015) (internal quotation marks omitted).  Although Bumble will undoubtedly have information about its own pre-Litigation knowledge, Professor Schmandt is the best source of information about the facts discussed in his own declarations.  Accordingly, Professor Schmandt has failed to show that testifying about his pre-Litigation knowledge of the '428 Patent would be an undue burden.

      Professor Schmandt also argues that, in addition to being unduly burdensome, the subpoena must be quashed because it seeks new expert opinion.  [ECF No. 2 at 16–17].  Plaintiff represents that it will only be asking Professor Schmandt about the facts underlying the statements made in the Match Group IPR Proceedings.  [ECF No. 11 at 14–15].  Inquiries into the factual bases for Professor Schmandt's prior statements do not amount to an unretained expert opinion, and the subpoena will not be quashed on those grounds.  In re Pub. Offering PLE

6

Antitrust Litig., 233 F.R.D. at 77 (finding that "plaintiffs sought factual information from [the non-party]" that described events that were in dispute and concluding that the information was not "shielded by" Rule 45).

In sum, Professor Schmandt's motion is DENIED to the extent it seeks to quash his testimony about his pre-Litigation knowledge of the '428 Patent. Although he can be deposed on that topic, Professor Schmandt asserts that he does not have any relevant documents in his possession and the Court recognizes that he cannot be expected to produce documents that he does not have.

### B. The '428 Patent's Priority Date

Professor Schmandt avers that he has never analyzed the priority date of the claims of the '428 Patent, [ECF No. 3 ¶ 12], and Plaintiff has not identified any evidence that contradicts that sworn statement. Although it is undisputed that Professor Schmandt made an assumption about the priority date of the *Match Group patents*, that statement is irrelevant to whether Professor Schmandt has any knowledge of the *'428 Patent's* priority date and does not demonstrate that his testimony is likely to lead to relevant information on that topic. Accordingly, Professor Schmandt's motion to quash is GRANTED to the extent Plaintiff seeks information regarding the '428 Patent's priority date.

### C. Plaintiff's Cross-Motion for Attorneys' Fees

Finally, Plaintiff has moved for attorneys' fees under 28 U.S.C. § 1927. [ECF No. 11 at 16–18].

> Section 1927 authorizes the imposition of sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Litigation conduct qualifies as "vexatious" if it is "harassing or annoying, regardless of whether it is intended to be so." Cruz v. Savage, 896 F.2d 626, 632 (1st Cir.1990). We have stated that section 1927 does not apply to "[g]arden-variety carelessness or even incompetence," but instead requires that the "attorney's

actions . . . evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court." Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008).

Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 245–46 (1st Cir. 2010).

Plaintiff argues that Professor Schmandt's motion to quash was "untethered from a factually or legally justifiable reason." [ECF No. 11 at 16]. Although the Court has denied the motion to quash in part, it also granted it in part to the extent it seeks testimony and documents relating to the '428 Patent's priority date. Thus, Professor Schmandt's decision to file a motion to quash was not so clearly frivolous as to constitute vexatious conduct under § 1927. Therefore, Plaintiff's motion for attorneys' fees is DENIED.

## IV. CONCLUSION

Accordingly, Professor Schmandt's motion to quash, [ECF No. 1], is GRANTED in part and DENIED in part. Plaintiff's motion for attorneys' fees is DENIED.

Although the Court denies the motion to quash in part, the Court recognizes that Plaintiff will have several other opportunities to depose Professor Schmandt as Bumble's expert in the pending *inter partes* review proceedings. [ECF No. 14 at 4]. In the interest of efficiency, the Court encourages Plaintiff to consider obtaining Professor Schmandt's testimony on his pre-Litigation knowledge of the '428 Patent during one of the scheduled or soon to be scheduled *inter partes* review depositions.

**SO ORDERED.**

December 22, 2021 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE